FILED
United States Court of Appeals
Tenth Circuit

August 22, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MOUSSA BITAR,

      Defendant-Appellant.

No. 07-1431
(District of Colorado)
(D.C. No. 07-cr-00242-JLK)

**ORDER AND JUDGMENT**[*]

Before **HOLLOWAY**, Senior Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **EBEL**, Senior Circuit Judge.

In a six-count indictment filed in the United States District Court for the District of Colorado, Moussa Bitar (the defendant) was charged with various identity theft charges. Defendant was thereafter represented by the Public Defender's Office. Pursuant to a plea agreement, the defendant pled guilty to Counts 2 and 6, and the Government dismissed all remaining counts. In Count 2, the defendant was charged with unlawfully using a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

      The parties waived oral argument, and this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P.34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

photocopy of documents purporting to be a valid Michigan Drivers License and a Texas birth certificate, both in the name of one Sergo Armado Soto, in an attempt to secure a passport in violation of 18 U.S.C. § 1028A. In Count 6, the defendant was charged with falsely using a Social Security account number which was not his when applying for employment with the Professional Bureau of Collections, Inc., in violation of 42 U.S.C. §408(a)(7)(B).

After a pre-sentence report was filed, the district court sentenced defendant to two years imprisonment on Count 2 and a sentence of "time served" on Count 6. The defendant, through counsel, thereafter filed a timely notice of appeal.

As stated, at sentencing the district court sentenced defendant to "time served" on Count 6, which meant that the defendant was not sentenced to imprisonment on Count 6 for any additional time beyond that already served by him. However, as to Count 2, the district court sentenced defendant to imprisonment for two years pursuant to 18 U.S.C. § 1028A(a)(1), which provides that one who uses a means of identification without lawful authority shall be sentenced to a term of imprisonment for two years.

On appeal, the Public Defenders Office has filed a so-called *Anders Brief. See Anders v. California,* 386 U.S. 738 (1967). In that brief counsel concedes that the district court's sentence of imprisonment for two years on Count 2, which was statutorily mandated, was proper, as was his sentence of "time served" on Count 6[1]. Accordingly,

---

[1]Counsel states that the defendant did not qualify under 18 U.S.C. §3553(e) for a sentence below the statutory minimum nor did the government file a motion for such.

counsel asks that we dismiss this appeal on the grounds that there is, under the circumstances described, no non-frivolous issue which could be used to challenge the sentence imposed on either Count 2 or 6.  Our study of the record, as required by *Anders*, leads us to conclude that there is no non-frivolous issue which could be raised by the defendant as concerns his sentence.

Therefore, the appeal is dismissed and counsel's request to withdraw is granted.

Entered for the Court


Robert H. McWilliams.
Senior Circuit Judge